# Supreme Court of Florida

_____

No. SC14-2126

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-7.22—LAWYER REFERRAL SERVICES.**

[September 24, 2015]

PER CURIAM.

The Florida Bar petitions this Court to amend Rule Regulating the Florida Bar 4-7.22 (Lawyer Referral Services). We have jurisdiction. See art. V, § 15, Fla. Const.

Over the years, for-profit lawyer referral services in Florida have been considered questionable because they generate money for the owner of the service through referrals of clients to attorneys. Since the adoption of the Rules Regulating the Florida Bar,[1] this Court has restricted the circumstances under which Florida attorneys may accept referrals from for-profit lawyer referral services. See Fla. Bar re Rules Reg. the Fla. Bar, 494 So. 2d 977, 1075-77 (Fla.

_____

1. The rule governing lawyer referral services has been renumbered and amended multiple times since its initial adoption in 1986.

1986) (adopting rule 4-7.6 (Lawyer referral services)).  Despite this continuous regulation, The Florida Bar's Special Committee on Lawyer Referral Services (Special Committee) was created in 2011 after the Bar received numerous complaints with regard to advertising by lawyer referral services in Florida in recent fiscal years.  The Florida Bar has noted the recent and dramatic growth of for-profit lawyer referral services, along with a corresponding increase in public concern as to both the misleading nature of the activities of these services and the potential harm they may cause.  The Special Committee was tasked with

> reviewing the current practices of lawyer referral services, reviewing all rules applicable to lawyer referral services, and reviewing any other regulations that may be applicable to lawyer referral services. Included within this charge is reviewing the issue of whether and to what extent The Florida Bar can directly regulate lawyer referral services.  The [S]pecial [C]ommittee is charged with making recommendations to The Florida Bar Board of Governors regarding any changes to the Rules Regulating [t]he Florida Bar and any other action deemed necessary to protect the public and ensure compliance with the lawyer advertising rules.

The Special Committee conducted a comprehensive investigation, which resulted in the July 2012 Report of the Special Committee on Lawyer Referral Services (final report).  The final report raised numerous concerns regarding for-profit lawyer referral services that are owned by persons or entities other than

lawyers or law firms and that specialize in other occupational fields.[2]  For example,

disconcerting trends were specifically observed with regard to lawyer referral

services that are owned by individuals or entities that specialize in the personal

injury sector:

> [S]ome referral services have used advertising to disguise direct solicitations; some patients, in filling out purported medical care paperwork, have unknowingly signed undisclosed and unexplained law firm retainers; and some patients, unhappy with their medical treatment at a referral clinic, have gone to their referral-designated lawyer for help, only to be told—even in situations where the lawyer was already seeking [personal injury protection] benefits for them from an insurance company—that the lawyer could not help them because the lawyer represents the clinic.

Further, the Special Committee noted that according to an article published by a

Miami periodical, when unsophisticated accident victims telephoned a lawyer

referral service, they received

> a variety of treatment modalities they did not understand and for which no explanation was given.  They were ultimately referred to an attorney who provided little advice other than to explain a contingency fee agreement, after which the victims/clients dealt only with the attorney's secretary.  Thousands of dollars in medical bills were incurred and partially paid through the personal injury protection insurance of the victim/clients.  All proceeds therefrom went for medical expenses but the victim/client was still left with significant bills.  The article further highlighted that [the referral service] made no secret about courting African American and Latino consumers

---

2. The final report noted that most for-profit referral services that are registered with The Florida Bar are owned by persons or entities other than lawyers.

through R&B and hip hop radio stations, catchy jingles and outlandish spokespersons.

Additionally, some law firms that are affiliated with for-profit lawyer referral services steer clients towards other businesses operated by the owner of the referral service, sometimes to the detriment of the health and well-being of the client. A resident of Kentucky was invited to attend a public hearing of the Special Committee because of her experience with a law firm that was significantly involved with a lawyer referral service. The law firm is headquartered in Florida and maintains offices in both Florida and Kentucky. The referral service is owned by a chiropractor who operates or controls a chain of clinics in Florida and at least two other states. The final report provided:

> Following a serious automobile accident, [the client] engaged the law firm because of its advertising in Kentucky, but did not contact a referral service. . . . [T]he law firm advised her to use her personal injury protection insurance for treatment, never advising her that her health insurance was also potentially available to cover medical costs. At the law firm's advice, [she] was seen by doctors affiliated with a clinic owned by [the referral service] and eventually flown to Florida for surgery at another clinic affiliated with [the referral service]. [She] was advised that the treatment she needed was not available in Kentucky and would need to be performed in Florida. Ultimately, through her health insurance, [the client] was seen by other doctors and advised that the treatment she had received in Florida was unnecessary and may have exacerbated her condition. A significant portion of her ultimate settlement was paid to the Florida clinic.

Information collected during the course of the investigation led the Special Committee to conclude that

- 4 -

for-profit lawyer referral services, working in conjunction with other professional or occupational disciplines, have a great propensity to run afoul of the Florida Supreme Court's Rules of Professional Conduct that govern Florida Bar members and engage in activities that do not effectively or appropriately serve the interests of the public.

The final report stated that although The Florida Bar currently does not directly regulate non-lawyer-owned referral services, greater regulation of attorneys who participate in for-profit referral services is needed to best serve the public interest. The Special Committee issued seven recommendations, the first of which provided:

> 1. A lawyer shall not accept client referrals from any person, entity or service that also refers or attempts to refer clients to any other type of professional service for the same incident, transaction or circumstance, and shall furthermore be prohibited from referring a client to any other professional service in consideration of the lawyer's receipt of referrals from any lawyer referral service.

This recommendation was unanimously endorsed by the Special Committee.

The Board Review Committee on Professional Ethics of the Board of Governors (Board Review Committee) reviewed the final report of the Special Committee. Rather than follow the first recommendation, the Board Review Committee proposed amendments to rule 4-7.22 that continue to allow lawyers to accept referrals from for-profit referral services that also refer clients to other businesses for services arising out of the same incident. A majority of the Board of Governors also ignored the first recommendation of the Special Committee and approved the less restrictive proposals submitted by the Board Review Committee.

In doing so, the Board of Governors disregarded the potential harm to the public that non-lawyer-owned, for-profit referral services present.

We have carefully reviewed the final report of the Special Committee and conclude that the public is at significant risk from for-profit lawyer referral services that also refer clients to other businesses. We recognize that the anecdotes presented in the final report do not represent every non-lawyer-owned, for-profit referral service; however, the potential harm is too great for us to approve the amendments proposed by The Florida Bar. These amendments would not cure the multiple concerns highlighted by the Special Committee, but would allow the troubling incidents discussed in the final report to continue. The dangers that non-lawyer-owned, for-profit referral services pose to members of the public—who may be especially vulnerable after they suffer an injury, or when they face a legal matter that they never anticipated—leads us to conclude that much stricter regulations upon lawyer referral services are required than those proposed by the Bar.

Accordingly, we reject the current petition and instruct The Florida Bar to propose amendments to rule 4-7.22 that preclude Florida lawyers from accepting referrals from any lawyer referral service that is not owned or operated by a member of the Bar. We further instruct the Bar to review any other rules or regulations that address lawyer referral services to determine whether new rules are

necessary to implement our direction today. Based upon this review, the Bar may conclude that amendments to, or repeal of, other rules are required. While the action we take today may be viewed by some as severe, we conclude it is absolutely necessary to protect the public from referral services that improperly utilize lawyers to direct clients to undesired, unnecessary, or even harmful treatment or services. Our action today will also prevent conflicts of interest, such as where a lawyer feels compelled or pressured to refer a client to another business operated or controlled by the owner of the referral service so that the lawyer may continue to receive referrals from that service.

The Florida Bar shall submit a new petition on or before May 24, 2016.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., concurring in part and dissenting in part.

I concur with the majority's rejection of the proposal submitted by the Board of Governors. But I dissent from the majority's direction that the Bar propose amendments "that preclude Florida lawyers from accepting referrals from any lawyer referral service that is not owned or operated by a member of the Bar." Majority op. at 6. Instead, I would direct that the Bar propose amendments

- 7 -

incorporating the proposals recommended by the Special Committee on Lawyer

Referral Services.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, Ramón A. Abadin, President, Gregory William Coleman, Past President, Carl B. Schwait, Chair, Board Review Committee on Professional Ethics, Mary Ellen Bateman, DEUP Division Director, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Timothy Patrick Chinaris, on behalf of 1-800-411-PAIN Referral Service, LLC, Nashville, Tennessee; Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, Florida, on behalf of 1-800-Ask Gary; Scott Kevork Tozian of Smith, Tozian, Daniel & Davis, Tampa, Florida, on behalf of 1-800-Ask Gary; Greg Anthony Zitani of West Coast Law, PLLC, Sarasota, Florida, on behalf of 1-800-Ask Gary; and Samuel Grier Wells of GrayRobinson, P.A., Jacksonville, Florida,

     Responding with Comments