# Supreme Court of Florida

_____

No. SC16-1470

_____

**IN RE: AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR – SUBCHAPTER 4-7 (LAWYER REFERRAL SERVICES).**

[March 8, 2018]

PER CURIAM.

The Florida Bar petitions this Court to amend the Rules Regulating the Florida Bar. We have jurisdiction. *See* art. V, § 15, Fla. Const.

The Bar proposes comprehensively amending rule 4-7.22 (Lawyer Referral Services), and amending or deleting five other rules as a result of those amendments. The Bar's petition stems from *In re Amendments to Rule Regulating the Florida Bar 4-7.22—Lawyer Referral Services*, 175 So. 3d 779 (Fla. 2015), where the Court rejected amendments to rule 4-7.22 proposed by the Bar and directed the Bar to propose amendments that "preclude Florida lawyers from accepting referrals from any lawyer referral service that is not owned or operated by a member of the Bar." *Id.* at 781. The Court in that case found that the Bar had disregarded the findings of the Special Committee on Lawyer Referral Services (Special Committee) in its July 2012 Final Report as to the potential harm

nonlawyer-owned for-profit referral services pose to the public. *Id.*[1] In the report,

the Special Committee concluded, after conducting an investigation into the

regulation and practices of lawyer referral services in Florida, that for-profit lawyer

referral services, particularly those that work in conjunction with other

professionals or occupations and are not owned or operated by a member of the

Bar, are more likely to run afoul of the Rules Regulating the Florida Bar and

engage in activities that do not serve the public interest. *Id.* at 780-81. The Special

Committee recommended greater regulation of lawyer participation in for-profit

referral services and issued seven specific recommendations, the first of which

provided:

> 1.  A lawyer shall not accept client referrals from any person, entity or service that also refers or attempts to refer clients to any other type of professional service for the same incident, transaction or circumstance, and shall furthermore be prohibited from referring a

---

1.  The Special Committee was tasked with the following:

[R]eviewing the current practices of lawyer referral services, reviewing all rules applicable to lawyer referral services, and reviewing any other regulations that may be applicable to lawyer referral services. Included within this charge is reviewing the issue of whether and to what extent The Florida Bar can directly regulate lawyer referral services. The [S]pecial [C]ommittee is charged with making recommendations to The Florida Bar Board of Governors regarding any changes to the Rules Regulating [t]he Florida Bar and any other action deemed necessary to protect the public and ensure compliance with the lawyer advertising rules.

*In re Amend. to Rule Reg. the Fla. Bar 4-7.22—Lawyer Referral Services*, 175 So. 3d at 779 (second, third, and fourth alterations in original).

client to any other professional service in consideration of the lawyer's receipt of referrals from any lawyer referral service.

*Id.* at 781.

The amendments proposed by the Bar in this case, despite the Court's clear direction, do not preclude lawyers from accepting referrals from lawyer referral services that are not owned or operated by a member of the Bar. The proposed amendments instead address lawyer participation in "matching" and other similar services not currently subject to regulation by the Bar that connect prospective clients with lawyers. The proposed amendments to rule 4-7.22 establish a single regulatory scheme under which lawyer participation in such services is subject to the same restrictions as lawyer referral services, lawyer directories, and other like services in which lawyer participation is currently regulated. The Bar's proposal prohibits lawyer participation in any service that connects prospective clients to lawyers for a fee, or any other type of benefit, unless the service complies with rule 4-7.22 and all other applicable rules.

In addition, the Bar proposes deleting or amending five other rules as a result of its proposed amendments to rule 4-7.22. Because lawyer directories are included in the proposed amendments to rule 4-7.22, the Bar proposes deleting rule 4-7.23 (Lawyer Directory). It also proposes amending rules 4-7.12 (Required Content); 4-7.13 (Deceptive and Inherently Misleading Advertisements); 4-7.16 (Presumptively Valid Content); 4-7.17 (Payment for Advertising and Promotion)

to include terminology consistent with the proposed amendments to rule 4-7.22. The Board of Governors approved the proposed amendments on a voice vote with one objection. Pursuant to rule 1-12.1(g), the Bar published formal notice of its intent to file a petition recommending amendments to the Bar Rules. The Court received eight comments and the Bar filed a response.

Having considered the Bar's proposals, the comments filed, the Bar's response, and having had the benefit of oral argument, the Court adopts the amendments to the Rules Regulating the Florida Bar as proposed by the Bar. These amendments, though not consistent with our directive in *In re Amendments to Rule Regulating the Florida Bar 4-7.22—Lawyer Referral Services*, are necessary to ensure that all services that connect prospective clients to lawyers conform to the Rules Regulating the Florida Bar and operate in a manner consistent with the public interest. These amendments do not, however, resolve our concern with how some lawyer referral services operate in Florida, especially those that refer clients to other professionals and occupational disciplines for services arising from the same incident. The findings of the Special Committee on this matter are troubling and we continue to believe additional measures are needed to ensure the public is not exposed to harm. We therefore direct the Bar to submit a petition within ninety days proposing amendments to rule 4-7.22, and any other rule necessary, to implement the Special Committee's first recommendation.

Accordingly, the Rules Regulating the Florida Bar are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective on April 30, 2018, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, and POLSTON, JJ., concur.
LAWSON, J., concurs in part and dissents in part with an opinion, in which CANADY, J., concurs.
LEWIS, J., dissents.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LAWSON, J., concurring in part and dissenting in part.

I fully agree with the majority's decision to adopt the proposed rules in this case. I dissent from that portion of the opinion directing The Florida Bar to file a petition within ninety days proposing amendments to implement the Special Committee's July 2012 recommendation to prohibit a Florida lawyer from accepting client referrals "from any person, entity or service that also refers or attempts to refer clients to any other type of professional service for the same incident, transaction or circumstance." Majority op. at 2. The few individuals who still express support for this recommendation have identified only two entities to which the prohibition would apply ("411 Pain" and "Ask Gary," both of which refer clients to legal and medical professionals) and have not identified a single

- 5 -

incident of misconduct by those entities or by any lawyer or medical professional who takes referrals from those entities. Although I certainly recognize the potential mischief that could flow from doctor/lawyer cross-referral relationships, those relationships exist and appear to be common. I have not been able to discern any basis for concluding that Ask Gary's or 411 Pain's model of connecting an injured citizen to a lawyer—which this nearly six-year-old recommendation would prohibit—poses any danger not existent in direct doctor/lawyer referral relationships—which no one has ever suggested could or should be barred. Additionally, I would note that under the newly adopted rules, Florida lawyers will be prohibited from taking referrals from 411 Pain and Ask Gary if these entities refuse to cooperate with any Florida Bar inquiry into their practices. The same is true of all other "qualified providers" operating in Florida. Accordingly, these rules will give The Florida Bar a way to determine whether further regulation is needed in this area. I would wait until The Florida Bar has made that determination, based upon hard data rather than innuendo and supposition, and would trust the Bar's conclusion (overwhelmingly supported) that it would be ill advised to adopt a rule based upon the now-outdated Special Committee recommendation.

CANADY, J., concurs.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, Michael J. Higer, President, Michelle R. Suskauer, President-elect, Michael S. Hooker, Chair, Carl B. Schwait, Past Chair, Board Review Committee on Professional Ethics, John Mitchell Stewart, Chair, Board Technology Committee, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Bill Wagner, Tampa, Florida; Timothy P. Chinaris, on behalf of 1-800-411-PAIN Referral Service, LLC, Nashville, Tennessee; Charles A. Morehead III, on behalf of Broward County Bar Association, Sunrise, Florida; Charles D. Scott, St. Petersburg, Florida; Josh King, on behalf of Avvo, Inc., Seattle, Washington; Brad Salter and Robert J. Healy of Salter, Healy, LLC, St. Petersburg, Florida; and Tom Gordon, on behalf of Responsive Law, Washington, District of Columbia,

     Responding with comments

**Appendix**

**RULE 4-7.12 REQUIRED CONTENT**

**(a) Name and Office Location.** All advertisements for legal employment must include:

(1) the name of at least 1 lawyer, the law firm, the lawyer referral service if the advertisement is for the lawyer referral service, <u>the qualifying provider if the advertisement is for the qualifying provider,</u> or the lawyer directory if the advertisement is for the lawyer directory, responsible for the content of the advertisement; and

(2) the city, town, or county of 1 or more bona fide office locations of the lawyer who will perform the services advertised.

**(b) Referrals.** If the case or matter will be referred to another lawyer or law firm, the advertisement must include a statement to ~~such~~<u>this</u> effect.

**(c) - (d)**      [No Change]

**Comment**
**Name of Lawyer or Lawyer Referral Service**

All advertisements are required to contain the name of at least 1 lawyer who is responsible for the content of the advertisement. For purposes of this rule, including the name of the law firm is sufficient. A lawyer referral service<u>,</u> <u>qualifying provider</u> or lawyer directory must include its actual legal name or a registered fictitious name in all advertisements in order to comply with this requirement.

**Geographic Location**

[No Change]


**Referrals to Other Lawyers**

[No Change]

**Language of Advertisement**

[No Change]

### RULE 4-7.13 DECEPTIVE AND INHERENTLY MISLEADING ADVERTISEMENTS

A lawyer may not engage in deceptive or inherently misleading advertising.

**(a)** [No Change]

(**b**) **Examples of Deceptive and Inherently Misleading Advertisements.** Deceptive or inherently misleading advertisements include, but are not limited to advertisements that contain:

(1) statements or information that can reasonably be interpreted by a prospective client as a prediction or guaranty of success or specific results;

(2) references to past results unless ~~such~~the information is objectively verifiable, subject to rule 4-7.14;

(3) comparisons of lawyers or statements, words or phrases that characterize a lawyer's or law firm's skills, experience, reputation or record, unless such characterization is objectively verifiable;

(4) references to areas of practice in which the lawyer or law firm does not practice or intend to practice at the time of the advertisement;

(5) a voice or image that creates the erroneous impression that the person speaking or shown is the advertising lawyer or a lawyer or employee of the advertising firm. The following notice, prominently displayed would resolve the erroneous impression: "Not an employee or member of law firm";

(6) a dramatization of an actual or fictitious event unless the dramatization contains the following prominently displayed notice: "DRAMATIZATION. NOT AN ACTUAL EVENT." When an advertisement includes an actor purporting to be engaged in a particular profession or occupation, the advertisement must include the following prominently displayed notice: "ACTOR. NOT ACTUAL [ . . . . ]";

(7) statements, trade names, telephone numbers, Internet addresses, images, sounds, videos or dramatizations that state or imply that the lawyer will engage in conduct or tactics that are prohibited by the Rules of Professional Conduct or any law or court rule;

(8) a testimonial:

(A) regarding matters on which the person making the testimonial is unqualified to evaluate;

(B) that is not the actual experience of the person making the testimonial;

(C) that is not representative of what clients of that lawyer or law firm generally experience;

(D) that has been written or drafted by the lawyer;

(E) in exchange for which the person making the testimonial has been given something of value; or

(F) that does not include the disclaimer that the prospective client may not obtain the same or similar results;

(9) a statement or implication that The Florida Bar has approved an advertisement or a lawyer, except a statement that the lawyer is licensed to practice in Florida or has been certified pursuant to chapter 6, Rules Regulating the Florida Bar; or

(10) a judicial, executive, or legislative branch title, unless accompanied by clear modifiers and placed subsequent to the person's name in reference to a current, former or retired judicial, executive, or legislative branch official currently engaged in the practice of law. For example, a former judge may not state "Judge Doe (retired)" or "Judge Doe, former circuit judge." She may state "Jane Doe, Florida Bar member, former circuit judge" or "Jane Doe, retired circuit judge…."

**Comment**

**Material Omissions**

[No Change]

- 10 -

**Implied Existence of Nonexistent Fact**

[No Change]

**Predictions of Success**

[No Change]


**Past Results**

The prohibitions in subdivisions (b)(1) and (b)(2) of this rule preclude advertisements about results obtained on behalf of a client, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts, if the results are not objectively verifiable or are misleading, either alone or in the context in which they are used.  For example, an advertised result that is atypical of persons under similar circumstances is likely to be misleading.  A result that omits pertinent information, such as failing to disclose that a specific judgment was uncontested or obtained by default, or failing to disclose that the judgment is far short of the client's actual damages, is also misleading.  ~~Such~~The information may create the unjustified expectation that similar results can be obtained for others without reference to the specific factual and legal circumstances.  An example of a past result that can be objectively verified is that a lawyer has obtained acquittals in all charges in 4 criminal defense cases.  On the other hand, general statements such as, "I have successfully represented clients," or "I have won numerous appellate cases," may or may not be sufficiently objectively verifiable.  For example, a lawyer may interpret the words "successful" or "won" in a manner different from the average prospective client.  In a criminal law context, the lawyer may interpret the word "successful" to mean a conviction to a lesser charge or a lower sentence than recommended by the prosecutor, while the average prospective client likely would interpret the words "successful" or "won" to mean an acquittal.

Rule 4-1.6(a), Rules Regulating the Florida Bar, prohibits a lawyer from voluntarily disclosing any information regarding a representation without a client's informed consent, unless one of the exceptions to rule 4-1.6 applies.  A lawyer who wishes to advertise information about past results must have the affected client's informed consent.  The fact that some or all of the information a lawyer may wish to advertise is in the public record does not obviate the need for the client's informed consent.

**Comparisons**

[No Change]

**Characterization of Skills, Experience, Reputation or Record**

The rule prohibits statements that characterize skills, experience, reputation, or record that are not objectively verifiable. Statements of a character trait or attribute are not statements that characterize skills, experience, or record. For example, a statement that a lawyer is aggressive, intelligent, creative, honest, or trustworthy is a statement of a lawyer's personal attribute, but does not characterize the lawyer's skills, experience, reputation, or record. ~~Such~~These statements are permissible.

Descriptive statements characterizing skills, experience, reputation, or a record that are true and factually verified are permissible. For example, the statement "Our firm is the largest firm in this city that practices exclusively personal injury law," is permissible if true, because the statement is objectively verifiable. Similarly, the statement, "I have personally handled more appeals before the First District Court of Appeal than any other lawyer in my circuit," is permissible if the statement is true, because the statement is objectively verifiable.

Descriptive statements that are misleading are prohibited by this rule. Descriptive statements such as "the best," "second to none," or "the finest" will generally run afoul of this rule, as such statements are not objectively verifiable and are likely to mislead prospective clients as to the quality of the legal services offered.

Aspirational statements are generally permissible as such statements describe goals that a lawyer or law firm will try to meet. Examples of aspirational words include "goal," "dedicated," "mission," and "philosophy." For example, the statement, "I am dedicated to excellence in my representation of my clients," is permissible as a goal. Similarly, the statement, "My goal is to provide high quality legal services," is permissible.

**Areas of Practice**

[No Change]

- 12 -

**Dramatizations**

A re-creation or staging of an event must contain a prominently displayed disclaimer, "DRAMATIZATION. NOT AN ACTUAL EVENT." For example, a re-creation of a car accident must contain the disclaimer. A re-enactment of lawyers visiting the re-construction of an accident scene must contain the disclaimer.

If an actor is used in an advertisement purporting to be engaged in a particular profession or occupation who is acting as a spokesperson for the lawyer or in any other circumstances where the viewer could be misled, a disclaimer must be used. However, an authority figure such as a judge or law enforcement officer, or an actor portraying an authority figure, may not be used in an advertisement to endorse or recommend a lawyer, or to act as a spokesperson for a lawyer under ~~Rule~~rule 4-7.15.

**Implying Lawyer Will Violate Rules of Conduct or Law**

Advertisements which state or imply that the advertising lawyers will engage in conduct that violates the Rules of Professional Conduct are prohibited. The Supreme Court of Florida found that lawyer advertisements containing an illustration of a pit bull canine and the telephone number 1-800-pitbull were false, misleading, and manipulative, because use of that animal implied that the advertising lawyers would engage in "combative and vicious tactics" that would violate the Rules of Professional Conduct. ~~Fla. Bar v. Pape~~*Fla. Bar v. Pape*, 918 So. 2d 240 (Fla.2005).

**Testimonials**

[No Change]

**Florida Bar Approval of Ad or Lawyer**

An advertisement may not state or imply that either the advertisement or the lawyer has been approved by The Florida Bar. Such a statement or implication implies that The Florida Bar endorses a particular lawyer. Statements prohibited by this provision include, "This advertisement was approved by The Florida Bar." A lawyer referral service also may not state that it is a "Florida Bar approved lawyer referral service," unless the service is a not-for-profit lawyer referral service approved under chapter 8 of the Rules Regulating the Florida Bar. <u>A qualifying provider also may not state that it is a "Florida Bar approved qualifying provider" or that its advertising is approved by The Florida Bar.</u>

- 13 -

## Judicial, Executive, and Legislative Titles

This rule prohibits use of a judicial, executive, or legislative branch title, unless accompanied by clear modifiers and placed subsequent to the person's name, when used to refer to a current or former officer of the judicial, executive, or legislative branch. Use of a title before a name is inherently misleading in that it implies that the current or former officer has improper influence. Thus, the titles Senator Doe, Representative Smith, Former Justice Doe, Retired Judge Smith, Governor (Retired) Doe, Former Senator Smith, and other similar titles used as titles in conjunction with the lawyer's name are prohibited by this rule. This includes, but is not limited to, use of the title in advertisements and written communications, computer-accessed communications, letterhead, and business cards.

However, an accurate representation of one's judicial, executive, or legislative experience is permitted if the reference is subsequent to the lawyer's name and is clearly modified by terms such as "former" or "retired." For example, a former judge may state "Jane Doe, Florida Bar member, former circuit judge" or "Jane Doe, retired circuit judge."

As another example, a former state representative may not include "Representative Smith (former)" or "Representative Smith, retired" in an advertisement, letterhead, or business card. However, a former representative may state, "John Smith, Florida Bar member, former state representative."

Further, an accurate representation of one's judicial, executive, or legislative experience is permitted in reference to background and experience in biographies, curriculum vitae, and resumes if accompanied by clear modifiers and placed subsequent to the person's name~~,~~. For example, the statement "John Jones was governor of the State of Florida from [ . . . years of service . . . ]" would be permissible.

Also, the rule governs attorney advertising. It does not apply to pleadings filed in a court. A practicing attorney who is a former or retired judge ~~shall~~may not use the title in any form in a court pleading. ~~If a former or retired judge uses her previous title in a pleading, she could be sanctioned~~A former or retired judge who uses that former or retired judge's previous title of "Judge" in a pleading could be sanctioned.

## RULE 4-7.16 PRESUMPTIVELY VALID CONTENT

The following information in advertisements is presumed not to violate the provisions of rules 4-7.11 through 4-7.15:

**(a)** [No Change]

**(b) Lawyer Referral Services and Qualifying Providers.**  A lawyer referral service or qualifying provider may advertise its name, location, telephone number, the ~~referral~~ fee charged, its hours of operation, the process by which referrals or matches are made, the areas of law in which referrals or matches are offered, the geographic area in which the lawyers practice to whom those responding to the advertisement will be referred or matched.  ~~A~~The Florida Bar's lawyer referral service or a lawyer referral service approved by The Florida Bar under chapter 8 of the Rules Regulating the Florida Bar also may advertise the logo of its sponsoring bar association and its nonprofit status.

### Comment

[No Change]


## RULE 4-7.17 PAYMENT FOR ADVERTISING AND PROMOTION

**(a)** [No Change]

**(b) Payment for Referrals.**  A lawyer may not give anything of value to a person for recommending the lawyer's services, except that a lawyer may pay the reasonable cost of advertising permitted by these rules, may pay the usual charges of a lawyer referral service, lawyer directory, qualifying provider or other legal service organization, and may purchase a law practice in accordance with rule 4-1.17.

**(c)** [No Change]

### Comment

**Paying for the Advertisements of Another Lawyer**

[No Change]

**Paying Others for Recommendations**

A lawyer is allowed to pay for advertising permitted by this rule and for the purchase of a law practice in accordance with the provisions of rule 4-1.17, but otherwise is not permitted to pay or provide other tangible benefits to another person for procuring professional work.  However, a legal aid agency or prepaid legal services plan may pay to advertise legal services provided under its auspices.  Likewise, a lawyer may participate in lawyer referral programs, qualifying providers, or lawyer directories and pay the usual fees charged by such programs, subject, however, to the limitations imposed by rules 4-7.22 and 4-7.23.  This rule does not prohibit paying regular compensation to an assistant, such as a secretary or advertising consultant, to prepare communications permitted by this rule.

## RULE 4-7.22 ~~LAWYER REFERRAL SERVICES~~REFERRALS, DIRECTORIES AND POOLED ADVERTISING

**(a) Applicability of Rule.**  A lawyer is prohibited from participation with any qualifying provider that does not meet the requirements of this rule and any other applicable Rule Regulating the Florida Bar.

**(b) Qualifying Providers.**  A qualifying provider is any person, group of persons, association, organization, or entity that receives any benefit or consideration, monetary or otherwise, for the direct or indirect referral of prospective clients to lawyers or law firms, including but not limited to:

(1) matching or other connecting of a prospective client to a lawyer drawn from a specific group or panel of lawyers or who matches a prospective client with lawyers or law firms;

(2) a group or pooled advertising program, offering to refer, match or otherwise connect prospective legal clients with lawyers or law firms, in which the advertisements for the program use a common telephone number or website address and prospective clients are then matched or referred only to lawyers or law firms participating in the group or pooled advertising program;

(3) publishing in any media a listing of lawyers or law firms together in one place; or

(4) providing tips or leads for prospective clients to lawyers or law firms.

**(c) Entities that are not Qualifying Providers.** The following are not qualifying providers under this rule:

(1) a pro bono referral program, in which the participating lawyers do not pay a fee or charge of any kind to receive referrals or to belong to the referral panel, and are undertaking the referred matters without expectation of remuneration; and

(2) a local or voluntary bar association solely for listing its members on its website or in its publications.

**(a~~d~~) When Lawyers May ~~Accept Referrals~~Participate with Qualifying Providers.** A lawyer may ~~not accept referrals from a lawyer referral service, and it is a violation of these Rules Regulating the Florida Bar to do so, unless the service~~participate with a qualifying provider as defined in this rule only if the qualifying provider:

(1) engages in no communication with the public and in no direct contact with prospective clients in a manner that would violate the Rules of Professional Conduct if the communication or contact were made by the lawyer;

(2) receives no fee or charge that ~~constitutes~~is a division or sharing of fees, unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service ~~is a not-for-profit service~~ approved by The Florida Bar pursuant to chapter 8 of these rules;

(3) refers, matches or otherwise connects prospective clients only to persons lawfully permitted to practice law in Florida when the services to be rendered constitute the practice of law in Florida;

~~(4) carries or requires each lawyer participating in the service to carry professional liability insurance in an amount not less than $100,000 per claim or occurrence;~~

(4) does not directly or indirectly require the lawyer to refer, match or otherwise connect prospective clients to any other person or entity for other services or does not place any economic pressure or incentive on the lawyer to make such referrals, matches or other connections;

(5) ~~furnishes~~provides The Florida Bar, on ~~a quarterly~~no less than an annual basis, with the names and Florida bar membership numbers of all lawyers

participating in the service unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service approved by The Florida Bar pursuant to chapter 8 of these rules;

(6) furnishes The Florida Bar, on a quarterly basis, with the names of all persons authorized to act on behalf of the service;

(6) provides the participating lawyer with documentation that the qualifying provider is in compliance with this rule unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service approved by The Florida Bar pursuant to chapter 8 of these rules;

(7) responds in writing, within 15 days, to any official inquiry by bar counsel when bar counsel is seeking information described in this subdivision or conducting an investigation into the conduct of the servicequalifying provider or a lawyer who accepts referrals from the serviceparticipates with the qualifying provider;

(8) neither represents nor implies to the public that the servicequalifying provider is endorsed or approved by The Florida Bar, unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service is subjectapproved by The Florida Bar pursuant to chapter 8 of these rules;

(9) uses its actual legal name or a registered fictitious name in all communications with the public;

(10) affirmatively states in all advertisements that it is a lawyer referral service; and

(11) affirmatively states in all advertisements that lawyers who accept referrals from it pay to participate in the lawyer referral service

(10) affirmatively discloses to the prospective client at the time a referral, match or other connection is made of the location of a bona fide office by city, town or county of the lawyer to whom the referral, match or other connection is being made; and

(11) does not use a name or engage in any communication with the public that could lead prospective clients to reasonably conclude that the qualifying provider is a law firm or directly provides legal services to the public.

**(b̶e̶)  Responsibility of Lawyer.**  A lawyer who ~~accepts referrals from a lawyer referral service is responsible for ensuring that any advertisements or written communications used by the service comply with the requirements of the Rules Regulating the Florida Bar, including the provisions of this subchapter~~participates with a qualifying provider:

(1) must report to The Florida Bar within 15 days of agreeing to participate or ceasing participation with a qualifying provider unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service approved by The Florida Bar pursuant to chapter 8 of these rules; and

(2) is responsible for the qualifying provider's compliance with this rule if:

(A) the lawyer does not engage in due diligence in determining the qualifying provider's compliance with this rule before beginning participation with the qualifying provider; or

(B) The Florida Bar notifies the lawyer that the qualifying provider is not in compliance and the lawyer does not cease participation with the qualifying provider and provide documentation to The Florida Bar that the lawyer has ceased participation with the qualifying provider within 30 days of The Florida Bar's notice.

~~**(c)  Definition of Lawyer Referral Service.**  A "lawyer referral service" is:~~

~~(1) any person, group of persons, association, organization, or entity that receives a fee or charge for referring or causing the direct or indirect referral of a potential client to a lawyer drawn from a specific group or panel of lawyers; or~~

~~(2) any group or pooled advertising program operated by any person, group of persons, association, organization, or entity wherein the legal services advertisements utilize a common telephone number or website and potential clients are then referred only to lawyers or law firms participating in the group or pooled advertising program.~~

~~A pro bono referral program, in which the participating lawyers do not pay a fee or charge of any kind to receive referrals or to belong to the referral panel, and are undertaking the referred matters without expectation of remuneration, is not a lawyer referral service within the definition of this rule.~~

## **Comment**

Every citizen of the state should have access to the legal system. A person's access to the legal system is enhanced by the assistance of a qualified lawyer. Citizens often encounter difficulty in identifying and locating lawyers who are willing and qualified to consult with them about their legal needs. It is the policy of The Florida Bar to encourage qualifying providers to: (a) make legal services readily available to the general public through a referral method that considers the client's financial circumstances, spoken language, geographical convenience, and the type and complexity of the client's legal problem; (b) provide information about lawyers and the availability of legal services that will aid in the selection of a lawyer; and (c) inform the public where to seek legal services.

Subdivision (b)(3) addresses the publication of a listing of lawyers or law firms together in any media. Any media includes but is not limited to print, Internet, or other electronic media.

A lawyer may not participate with a qualifying provider that receives any fee that constitutes a division of legal fees with the lawyer, unless the qualifying provider is The Florida Bar Lawyer Referral Service or a lawyer referral service approved by The Florida Bar pursuant to chapter 8 of these rules. A fee calculated as a percentage of the fee received by a lawyer, or based on the success or perceived value of the case, would be an improper division of fees. Additionally, a fee that constitutes an improper division of fees occurs when the qualifying provider directs, regulates, or influences the lawyer's professional judgment in rendering legal services to the client. See e.g. rules 4-5.4 and 4-1.7(a)(2). Examples of direction, regulation or influence include when the qualifying provider places limits on a lawyer's representation of a client, requires or prohibits the performance of particular legal services or tasks, or requires the use of particular forms or the use of particular third party providers, whether participation with a particular qualifying provider would violate this rule requires a case-by-case determination.

Division of fees between lawyers in different firms, as opposed to any monetary or other consideration or benefit to a qualifying provider, is governed by rule 4-1.5(g) and 4-1.5(f)(4)(D).

If a qualifying provider has more than 1 advertising or other program that the lawyer may participate in, the lawyer is responsible for the qualifying provider's compliance with this rule solely for the program or programs that the lawyer agrees to participate in. For example, there are qualifying providers that provide a

directory service and a matching service. If the lawyer agrees to participate in only one of those programs, the lawyer is responsible for the qualifying provider's compliance with this rule solely for that program.

A lawyer who participates with a qualifying provider should engage in due diligence regarding compliance with this rule before beginning participation. For example, the lawyer should ask The Florida Bar whether the qualifying provider has filed any annual reports of participating lawyers, whether the qualifying provider has filed any advertisements for evaluation, and whether The Florida Bar has ever made inquiry of the qualifying provider to which the qualifying provider has failed to respond. If the qualifying provider has filed advertisements, the lawyer should ask either The Florida Bar or the qualifying provider for copies of the advertisement(s) and The Florida Bar's written opinion(s). The lawyer should ask the qualifying provider to provide documentation that the provider is in full compliance with this rule, including copies of filings with the state in which the qualifying provider is incorporated to establish that the provider is using either its actual legal name or a registered fictitious name. The lawyer should also have a written agreement with the qualifying provider that includes a clause allowing immediate termination of the agreement if the qualifying provider does not comply with this rule.

A lawyer participating with a qualifying provider continues to be responsible for the lawyer's compliance with all Rules Regulating the Florida Bar. For example, a lawyer may not make an agreement with a qualifying provider that the lawyer must refer clients to the qualifying provider or another person or entity designated by the qualifying provider in order to receive referrals or leads from the qualifying provider. See rule 4-7.17(b). A lawyer may not accept referrals or leads from a qualifying provider if the provider interferes with the lawyer's professional judgment in representing clients, for example, by requiring the referral of the lawyer's clients to the qualifying provider, a beneficial owner of the qualifying provider, or an entity owned by the qualifying provider or a beneficial owner of the qualifying provider. See rule 4-1.7(a)(2). A lawyer also may not refer clients to the qualifying provider, a beneficial owner of the qualifying provider, or an entity owned by the qualifying provider or a beneficial owner of the qualifying provider, unless the requirements of rules 4-1.7 and 4-1.8 are met and the lawyer provides written disclosure of the relationship to the client and obtains the client's informed consent confirmed in writing. A lawyer participating with a qualifying provider may not pass on to the client the lawyer's costs of doing business with the qualifying provider. See rules 4-1.7(a)(2) and 4-1.5(a).

## RULE 4-7.23 LAWYER DIRECTORY

~~(a)~~ **Definition of Lawyer Directory.** ~~A lawyer directory is any person, group of persons, association, organization, or entity that receives any consideration, monetary or otherwise, given in exchange for publishing a listing of lawyers together in one place, such as a common Internet address, a book or pamphlet, a section of a book or pamphlet, in which all the participating lawyers and their advertisements are provided and the viewer is not directed to a particular lawyer or lawyers. A local or voluntary bar association that lists its members on its website or in its publications is not a lawyer directory under this rule. This rule does not apply to traditional telephone directories.~~

~~**(b) When Lawyers May Advertise in a Directory.** A lawyer may not advertise in a directory unless the directory:~~

~~(1) engages in no communication with the public and in no direct contact with prospective clients in a manner that would violate the Rules of Professional Conduct if the communication or contact were made by the lawyer;~~

~~(2) receives no fee or charge that constitutes a division or sharing of fees;~~

~~(3) lists only persons lawfully permitted to practice law in Florida when the services to be rendered constitute the practice of law in Florida;~~

~~(4) responds in writing, within 15 days, to any official inquiry by bar counsel when bar counsel is seeking information described in this subdivision or conducting an investigation into the conduct of the directory or a lawyer who pays to be listed in the directory;~~

~~(5) neither represents nor implies to the public that the directory is endorsed or approved by The Florida Bar;~~

~~(6) uses its actual legal name or a registered fictitious name in all communications with the public; and~~

~~(7) affirmatively states in all advertisements that it is a legal directory or lawyer directory.~~

~~**(c) Responsibility of Lawyer.** A lawyer who advertises in a lawyer directory is responsible for ensuring that any advertisements or written communications used by the directory comply with the requirements of the Rules Regulating the Florida~~

Bar, and that the directory is in compliance with the provisions of this subchapter. It is a violation of these Rules Regulating the Florida Bar and a failure of such responsibility if the lawyer knows or should have known that the directory is not in compliance with applicable rules or if the lawyer failed to seek information necessary to determine compliance.