PER CURIAM.
 

 The Florida Bar petitions this Court to amend the Rules Regulating the Florida Bar. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 The Bar proposes comprehensively amending rule 4-7.22 (Lawyer Referral Services), and amending or deleting five other rules as a result of those amendments. The Bar's petition stems from
 
 In re Amendments to Rule Regulating the Florida Bar 4-7.22-Lawyer Referral Services
 
 ,
 
 175 So.3d 779
 
 (Fla. 2015), where the Court rejected amendments to rule 4-7.22 proposed by the Bar and directed the Bar to propose amendments that "preclude Florida lawyers from accepting referrals from any lawyer referral service that is not owned or operated by a member of the Bar."
 

 Id.
 

 at 781
 
 . The Court in that case found that the Bar had disregarded the findings of the Special Committee on Lawyer Referral Services (Special Committee) in its July 2012 Final Report as to the potential harm nonlawyer-owned for-profit referral services pose to the public.
 

 Id.
 

 [1]
 
 In
 the report, the Special Committee concluded, after conducting an investigation into the regulation and practices of lawyer referral services in Florida, that for-profit lawyer referral services, particularly those that work in conjunction with other professionals or occupations and are not owned or operated by a member of the Bar, are more likely to run afoul of the Rules Regulating the Florida Bar and engage in activities that do not serve the public interest.
 

 Id.
 

 at 780-81
 
 . The Special Committee recommended greater regulation of lawyer participation in for-profit referral services and issued seven specific recommendations, the first of which provided:
 

 1. A lawyer shall not accept client referrals from any person, entity or service that also refers or attempts to refer clients to any other type of professional service for the same incident, transaction or circumstance, and shall furthermore be prohibited from referring a client to any other professional service in consideration of the lawyer's receipt of referrals from any lawyer referral service.
 

 Id.
 

 at 781
 
 .
 

 The amendments proposed by the Bar in this case, despite the Court's clear direction, do not preclude lawyers from accepting referrals from lawyer referral services that are not owned or operated by a member of the Bar. The proposed amendments instead address lawyer participation in "matching" and other similar services not currently subject to regulation by the Bar that connect prospective clients with lawyers. The proposed amendments to rule 4-7.22 establish a single regulatory scheme under which lawyer participation in such services is subject to the same restrictions as lawyer referral services, lawyer directories, and other like services in which lawyer participation is currently regulated. The Bar's proposal prohibits lawyer participation in any service that connects prospective clients to lawyers for a fee, or any other type of benefit, unless the service complies with rule 4-7.22 and all other applicable rules.
 

 In addition, the Bar proposes deleting or amending five other rules as a result of its proposed amendments to rule 4-7.22. Because lawyer directories are included in the proposed amendments to rule 4-7.22, the Bar proposes deleting rule 4-7.23 (Lawyer Directory). It also proposes amending rules 4-7.12 (Required Content); 4-7.13 (Deceptive and Inherently Misleading Advertisements); 4-7.16 (Presumptively Valid Content); 4-7.17 (Payment for Advertising and Promotion) to include terminology consistent with the proposed amendments to rule 4-7.22. The Board of Governors approved the proposed amendments on a voice vote with one objection. Pursuant to rule 1-12.1(g), the Bar published formal notice of its intent to file a petition recommending amendments to the Bar Rules. The Court received eight comments and the Bar filed a response.
 

 Having considered the Bar's proposals, the comments filed, the Bar's response, and having had the benefit of oral argument,
 the Court adopts the amendments to the Rules Regulating the Florida Bar as proposed by the Bar. These amendments, though not consistent with our directive in
 
 In re Amendments to Rule Regulating the Florida Bar 4-7.22-Lawyer Referral Services
 
 , are necessary to ensure that all services that connect prospective clients to lawyers conform to the Rules Regulating the Florida Bar and operate in a manner consistent with the public interest. These amendments do not, however, resolve our concern with how some lawyer referral services operate in Florida, especially those that refer clients to other professionals and occupational disciplines for services arising from the same incident. The findings of the Special Committee on this matter are troubling and we continue to believe additional measures are needed to ensure the public is not exposed to harm. We therefore direct the Bar to submit a petition within ninety days proposing amendments to rule 4-7.22, and any other rule necessary, to implement the Special Committee's first recommendation.
 

 Accordingly, the Rules Regulating the Florida Bar are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective on April 30, 2018, at 12:01 a.m.
 

 It is so ordered.
 

 LABARGA, C.J., and PARIENTE, QUINCE, and POLSTON, JJ., concur.
 

 LAWSON, J., concurs in part and dissents in part with an opinion, in which CANADY, J., concurs.
 

 LEWIS, J., dissents.
 

 The Special Committee was tasked with the following:
 

 [R]eviewing the current practices of lawyer referral services, reviewing all rules applicable to lawyer referral services, and reviewing any other regulations that may be applicable to lawyer referral services. Included within this charge is reviewing the issue of whether and to what extent The Florida Bar can directly regulate lawyer referral services. The [S]pecial [C]ommittee is charged with making recommendations to The Florida Bar Board of Governors regarding any changes to the Rules Regulating [t]he Florida Bar and any other action deemed necessary to protect the public and ensure compliance with the lawyer advertising rules.
 

 In re Amend. to Rule Reg. the Fla. Bar 4-7.22-Lawyer Referral Services
 
 ,
 
 175 So.3d at 779
 
 (second, third, and fourth alterations in original).